UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MAXIMIANO SILVA and CRYSTAL SILVA, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 22-10172-FDS |
| RAFAEL FARIA, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER AND CROSS-MOTIONS FOR SANCTIONS**

**SAYLOR, C.J.**

This is a civil action brought by *pro se* plaintiffs Maximiano Silva and Crystal Silva under 42 U.S.C. § 1983 against the City of Marlborough and three of its police officers, alleging that the officers conducted an illegal search of their apartment on February 6, 2019.

In February 2024, defendants moved to compel the deposition of several witnesses identified by plaintiffs. A magistrate judge ordered that defendants be permitted to depose one witness according to a set procedure. Plaintiffs have objected to the magistrate judge's order and moved for sanctions against defendants for allegedly breaching that procedure. Defendants have cross-moved for sanctions against plaintiffs for failing to produce the witness for her deposition. For the following reasons, those motions will be granted in part and denied in part.

**I.   Background**

On January 12, 2024, plaintiffs disclosed twelve individuals who they asserted were "likely to have discoverable information that may be used to support their claims." (ECF No. 59-1 at 2). The list included Maria Ferrari—the mother of plaintiff Maximiano Silva. (*Id.*).

After several unsuccessful attempts to contact plaintiffs' identified witnesses, defendants moved to compel their depositions. (ECF No. 58). Plaintiffs opposed the motion and moved to quash the subpoenas against the witnesses. The Court referred both motions to Magistrate Judge Dein.

At a hearing on April 3, 2024, Magistrate Judge Dein granted defendants' motion to compel in part. (ECF Nos. 70 and 71). The accompanying order directed that the parties collaborate to select a date to depose Maria Ferrari—after which, if defendants chose, they could schedule further depositions with plaintiffs' other identified witnesses. As relevant here, the order designated a sanction that "[i]f Ms. Ferrari does not appear for the scheduled deposition, absent a court order, she shall not be permitted to testify at trial." (ECF No. 71 at 1).

A deposition of Ms. Ferrari was duly scheduled for April 24, 2024. (ECF No. 79-2). Two days before that scheduled deposition, on April 22, plaintiffs contacted defendants to request a Portuguese-language interpreter for Ms. Ferrari. (ECF No. 79-3). Defendants obtained the services of the requested interpreter. (*Id.*). Then, the night before the deposition, plaintiffs again contacted defendants' counsel to object to the selected date and time. (*Id.*). Defendants appeared for the deposition with an interpreter, as agreed, but neither Ms. Ferrari nor plaintiffs appeared—the third time that Ms. Ferrari had failed to appear for a deposition. (ECF No. 79-7).

On May 4, 2024, plaintiffs objected to Magistrate Judge Dein's order and moved for sanctions against defendants.[1] The motion alleges, first, that plaintiffs do not have any control over the nonparty witnesses, including Ms. Ferrari, and thus the magistrate judge's order was in error; and second, that defendants had ignored the order by failing to provide dates and time for Ms. Ferrari's deposition. (ECF No. 76). Defendants have opposed the motion and moved for

---

[1] The Court granted plaintiffs' motion for an extension of time to object to the order of the magistrate judge and set a deadline of May 3, 2024. (ECF No. 75).

sanctions against plaintiffs for the failure of Ms. Ferrari to appear for her deposition, which they contend was scheduled according to the magistrate judge's order.  (ECF No. 79).

II.     **Analysis**

   A.     **Plaintiffs' Objections to Magistrate Judge's Order**

Under Fed. R. Civ. P. 72(a), a district judge may modify or set aside a decision of a magistrate judge on a non-dispositive matter only if it "is clearly erroneous or is contrary to law." Pure questions of law are reviewed *de novo*.  *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).  Factual findings are clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *In re IDC Clambakes, Inc.*, 727 F.3d 58, 63-64 (1st Cir. 2013).  Mixed questions of fact and law are reviewed according to a sliding scale, under which "[t]he more fact intensive the question, the more deferential the level of review (although never more deferential than the 'clear error' standard); the more law intensive the question, the less deferential the level of review."  *Id.* at 64.

Here, Magistrate Judge Dein's order is a practical and careful resolution of the issues, recognizing the positions of the parties and considering the information presented at the hearing on the motions.  It does not appear to the Court to be erroneous in any respect, much less clearly erroneous or contrary to law.  Accordingly, and because the Court agrees with her decision in all substantial respects, her order is affirmed without need for more substantial explanation. Plaintiffs' objections will therefore be overruled.

   B.     **Cross-Motions for Sanctions**

Both plaintiffs and defendants have cross-moved for sanctions.  Fed. R. Civ. P. 37(b)(2) permits the court to impose sanctions on parties who disobey discovery orders.  The choice of appropriate sanction depends on the totality of the circumstances and is made "on a case-by-case basis." *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003).  A district court has substantial

discretion to sanction parties for failure to comply with a discovery order because of its strong interest in "maintaining discipline and husbanding scarce judicial resources." *Torres-Vargas v. Pereira*, 431 F.3d 389, 393 (1st Cir. 2005). Factors that a court may consider include the severity of a party's violation, the legitimacy of their excuse, repetition of violations, mitigating excuses, prejudice to the other party, the adequacy of lesser sanctions, and whether the offending party was given sufficient notice and opportunity to explain its noncompliance. *Vallejo v. Santini-Padilla*, 607 F.3d 1, 8 (1st Cir. 2010).

### 1. **Plaintiffs' Motion**

Plaintiffs' motion focuses on the process by which Ms. Ferrari's deposition was scheduled. They contend that defendants did not comply with the magistrate judge's order because they failed to provide proposed dates and times for Ms. Ferrari's deposition. As a sanction, they request that the Court find that defendants have waived their ability to depose her and the other nonparty witnesses.

Based on the communications provided by defendants, however, it appears clear that plaintiffs did in fact provide dates that Ms. Ferrari would be available and had substantial notice of the scheduled time and place of that deposition. (ECF Nos. 79-2 and 79-3). Plaintiffs acknowledged the date and time of the deposition by requesting an interpreter be present and failing to object to the way it was scheduled. (ECF No. 79-3). Absent any evidence to the contrary, the Court cannot discern any violation of the discovery order that would warrant sanctions. Moreover, defendants appear to have acted in good faith, including providing an interpreter despite plaintiffs' late notice of that request.

Accordingly, because defendants did not violate the magistrate judge's order in scheduling or noticing Ms. Ferrari's deposition, plaintiffs' motion will be denied.

## 2. **Defendants' Motion**

Defendants' motion focuses on the failure of Ms. Ferrari to appear for her deposition and for plaintiffs' allegedly repeated obstructive conduct. They contend that plaintiffs have purposefully engaged in a pattern of delays and misrepresentations leading to a significant drain on time and resources. As sanctions, they request that the Court preclude plaintiffs from relying on Ms. Ferrari as a witness, and that it award them the costs associated with Ms. Ferrari's incomplete deposition and the present motion practice.

To begin, plaintiffs clearly violated the discovery order issued by Magistrate Judge Dein, which directed them to produce Ms. Ferrari for examination. Despite plaintiffs' awareness of the date and time of that deposition and having neither sought nor received a court order excusing Ms. Ferrari from it, she failed to appear. The court's order was in effect at the time of the deposition, and plaintiffs had raised no objections to it. Plaintiffs thus violated that order.

Having determined that plaintiffs violated the magistrate judge's order, the Court must decide what, if any, sanctions are appropriate under the circumstances.

First, plaintiffs will be precluded from relying on Ms. Ferrari as a witness in any future proceedings in this case. Plaintiffs have repeatedly failed to produce Ms. Ferrari for deposition and, as discussed, the magistrate judge's order made it clear that the sanction for her failure to appear for a scheduled deposition, absent a court order, would be her exclusion as a witness. The sanction accords with Fed. R. Civ. P. 37(b)(2)(B), which instructs that a party's failure to obey a court order to produce a person for examination may be prohibited from introducing certain evidence. Fed. Rs. Civ. P. 37(b)(2)(A)-(B). Accordingly, plaintiffs will be prohibited from calling or relying on Ms. Ferrari as a witness in these proceedings.

Second, in light of the apparent gamesmanship and obstruction by plaintiffs here, the requested sanction of the reasonable costs of the missed deposition, including the services of an

interpreter, appears to be substantially justified, as is an award of attorney's fees and costs of the uncompleted deposition of Ms. Ferrari.  *See Lamex Foods, Inc. v. Audeliz Lebrón Corp.*, 646 F.3d 100, 112 (1st Cir. 2011).

Rule 37 directs that if a party violates a discovery order, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  Although plaintiffs have offered no substantial justification for their violation of the court's order, in light of their *pro se* and *in forma pauperis* status, an award of the expenses associated with that violation will not be imposed at this time.  The Court may, however, impose such costs in the future as part of a larger sanction should plaintiffs continue to engage in obstructive tactics.

In sum, because the Court is persuaded that plaintiffs have committed a discovery violation, Ms. Ferrari will not be permitted to testify in this case, but the Court will not—at this time—impose any costs on plaintiffs for that violation.  Accordingly, defendants' motion will be granted in part and otherwise denied.

### III.   Conclusion

For the foregoing reasons, plaintiffs' objections to the magistrate judge's order are OVERRULED, and motion for sanctions is DENIED.  Defendants' motion for sanctions is GRANTED to the extent that it seeks the preclusion of the testimony of Maria Ferrari, and is otherwise DENIED without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  June 14, 2024                                                          Chief Judge, United States District Court